IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | CASE NO. 20-35493 |
| | § | |
| 1960 FAMILY PRACTICE | § | |
| DEBTOR | § | |
| | § | |
| EVA S. ENGELHART, CHAPTER 7 | § | |
| TRUSTEE | § | ADVERSARY NO. 22-03126 |
| Plaintiff | § | |
| v. | § | |
| | § | |
| DOCTORS HOSPITAL 1997, L.P. D/B/A | § | |
| UNITED MEMORIAL MEDICAL | § | |
| CENTER | § | |
| Defendant | § | |

**TRUSTEE'S REPLY TO UMMC'S RESPONSE TO THE TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Eva S. Engelhart, Chapter 7 Trustee files her *Reply to UMMC's Response to the Trustee's Motion for Summary Judgment* and respectfully shows the Court the following:

**RELEVANT BACKGROUND FACTS**

1. On April 25, 2022, the Trustee sued UMMC for breach of contract of an Asset Purchase Agreement that required UMMC to pay all of the Debtor's outstanding lease obligations ("**Complaint**").

2. On June 13, 2022, UMMC filed its Answer to the Complaint.[1]

3. On January 17, 2023, the Trustee filed a Motion for Summary Judgment on January 17, 2023 ("**Trustee's MSJ**"). UMMC also filed its Motion for Summary Judgment on January 17, 2023 ("**UMMC's MSJ**").

4. On January 20, 2023, the Trustee filed her response to UMMC's MSJ ("**Trustee's Response**").

5. On February 14, 2023, UMMC filed a combined pleading responding to the Trustee's MSJ, and replying to The Trustee's Response ("**Combined Response**").[2]

---

[1] Exhibit A (UMMC's Answer to Complaint)
[2] Exhibit B (Combined Response filed by UMMC)

1

**COURT'S ORDER ON MOTION TO AMEND**

6. On February 19, 2023, after UMMC filed its Combined Response, the Trustee served UMMC with a safe harbor letter pursuant to Rule 11 and notified UMMC that its Combined Response violated Rule 11 ("**Rule 11 Letter**").[3]

7. In her Rule 11 Letter, the Trustee put UMMC on notice that its Combined Response violated an Agreed Order that the parties previously entered into that prohibited UMMC from 1) arguing the validity of the Landlord's POC; and 2) arguing any new affirmative defenses that were not contained in its Answer ("**Agreed Order**").[4]

8. On March 6, 2023, in order to address the Rule 11 violations contained in the Rule 11 Letter, UMMC filed its *Motion for Leave to Withdraw and Amend its Combined Response* in order to address the Trustee's Rule 11 allegations ("**Motion to Amend**").[5]

9. On April 10, 2023, the Court scheduled a hearing on UMMC's Motion to Amend. At the hearing on UMMC's Motion to Amend, the Court granted UMMC's request to amend the Combined Response and specifically ordered UMMC to.
    a. File a separate responsive brief to the Trustee's MSJ;
    b. File a separate response to the Trustee's Response to UMMC's MSJ; and
    c. Prohibited UMMC from making any <u>substantive changes</u> to the Combined Response. ("**Order to Amend**")[6]

10. Pursuant to the Order to Amend, UMMC filed its Amended Response to the Trustee's MSJ ("**Amended Response**")[7].

11. In its Amended Response, UMMC's failed to comply with the Order to Amend in two ways:
    a. First, UMMC continues to argue both pleadings in violation of the Order to Amend. Specifically, in Paragraph 2 of its Amended Response, UMMC asserts five separate reasons why this Court should both 1) **grant** UMMC's MSJ, and 2) **deny** the Trustee's MSJ.

---

[3] <u>Exhibit C</u> (Rule 11 Letter and Proposed Motion for Sanctions)
[4] <u>Exhibit D</u> (Agreed Order)
[5] <u>Exhibit E</u> (UMMC's Motion to Amend)
[6] <u>Exhibit F</u> (Order to Amend)
[7] <u>Exhibit G</u> (UMMC's Amended Response)

    b. Second, UMMC made substantive changes to the Combined Response by adding 42 paragraphs under Section III of its Amended Response ("**42 Added Paragraphs**") which were not included in its Combined Response.

12. This Court clearly stated that failure to comply with the Court's Order to Amend may result in striking UMMC's Amended Response. Therefore, the Trustee requests that UMMC's Amended Response be stricken for UMMC's blatant failure to comply with this Court's Order to Amend.

## UMMC'S TRANSPARENT ATTEMPT TO INVOKE SYMPATHY FROM THE COURT

13. In Paragraph 1 of the Amended Response, UMMC alleges that it is a struggling small hospital that serves blue-collar workers and is unable to pay a judgment that the Trustee is currently seeking in this Adversary.

14. First, UMMC fails to provide this Court with a shred of evidence to support such an allegation.

15. Second, in an unrelated piece of litigation currently pending before this Court, UMMC admitted that it paid $1.5 million for the purchase of a hospital.[8] It is unclear how UMMC simultaneously claims that it cannot afford to pay a judgment for less than what UMMC has spent in acquiring new assets.

16. Finally, UMMC's alleged inability to pay a judgment is irrelevant in responding to the Trustee's MSJ.

## UMMC'S NEWLY PLED AFFIRMATIVE DEFENSES ARE PROHIBITED AS THEY WERE NOT INCLUDED IN ITS ANSWER

17. UMMC's Answer to the Trustee's Complaint included three affirmative defenses: a) Mistake; b) Impossibility of Performance related to failure to have the Leases assigned; and c) Trustee's Failure to Mitigate Damages ("**Included Affirmative Defenses**").[9]

18. In UMMC's Amended Response, UMMC now argues the following affirmative defenses that were not contained in its Answer: a) Failure of Consideration; b) Conditions Precedent; c) Excuse; d) Impossibility of Performance – regarding the Debtor's failure to vacate the leased premises; e) Standing; f) Misrepresentation; and g) the Landlords (not the Trustee's) Failure to mitigate damages (Collectively, referred to as the "**Unpled Affirmative Defenses**")

---

[8] Exhibit H (Answer filed by UMMC on 6-17-2021 in Providence Litigation – Paragraph 43)
[9] Exhibit A (UMMC's Answer to Trustee's Complaint)

3

19. UMMC cannot plead new affirmative defenses in a Motion for Summary Judgment as the Unpled Affirmative Defenses were not included in its Answer.

**UMMC VIOLATES AGREED ORDER**

20. As discussed above, on January 12, 2023, this Court entered an Agreed Order which 1) estopped UMMC from challenging the merits of the Landlord's POC; and 2) limited UMMC to those affirmative defenses that were included in its Answer (*i.e.* Included Affirmative Defenses).

21. After entering into the Agreed Order, UMMC filed a Motion to Amend its Answer in order to add affirmative defenses that they previously agreed would be prohibited. On February 27, 2023 this Court entered an Order denying UMMC's Motion for Leave to Amend its Answer (See Doc. No. 33)

22. In its Amended Response, UMMC continues to argue the Unpled Affirmative Defenses in violation of the Agreed Order, and after this Court denied its Motion to Amend its Answer.

23. On two separate occasions the Court has dealt with this issue and UMMC continues to argue affirmative defenses in violation of this Court's orders.

**ARGUMENTS AND AUTHORITIES SECTION OF UMMC'S AMENDED RESPONSE**

24. Paragraphs 1 through 67 of the Amended Response contains numerous arguments and allegations that violate the Agreed Order and include the Unpled Affirmative Defenses.

25. However, in its Amended Response, UMMC organized the remaining portion of its response under Section IV, titled, "Argument and Authorities" (Paragraphs 68-73) ("**Argument Section**").

26. In the Argument Section, UMMC makes four arguments in response to the Trustee's MSJ:
    a. Section A - Construction of the APA
    b. Section B – Third Party Beneficiary Law
    c. Section C – Impossibility of Performance
    d. Second D – Trustee's Damages are Limited to 30% of the Allowed Claim of the Landlord.

**TRUSTEE'S RESPONSE TO SECTION A – CONSTRUCTION OF THE APA**

27. In Section A (Paragraph 68) of the Amended Response, UMMC provides this Court with a total of two sentences and argues that the APA is not ambiguous and the Court should look to

4

the four corners of the APA in order to interpret and enforce the APA. Frankly, the Trustee does not understand the purpose of this argument as UMMC fails to tie this legal argument to any facts.

28. Here, the Trustee never argued ambiguity and is unclear why UMMC is raising this argument in response to the Trustee's MSJ as no facts are provided.

### TRUSTEE'S RESPONSE TO SECTION B – THIRD PARTY BENEFICIARY LAW

29. In Paragraphs 69 through 71 of the Amended Response, UMMC argues that third-party beneficiary law precludes recovery by the Trustee.

30. However, the issue in this Adversary is breach of the APA, not breach of the leases with the Debtor's landlord. Here, the Trustee is not a third-party beneficiary to the APA, as the Debtor was a party to the APA and the Trustee stands in the shoes of the Debtor.

31. In addition, pursuant to the Agreed Order, UMMC is estopped from challenging the validity of the Landlord's allowed POC.

32. This argument regarding third-party beneficiary law is nothing more than a red herring and violates the Agreed Order.

### TRUSTEE'S RESPONSE TO SECTION C – IMPOSSIBILITY OF PERFORMANCE

33. In Paragraph 72 of UMMC's Amended Response, UMMC argues that it was impossible for UMMC to perform under the APA because it could not occupy the leasehold estates.

34. UMMC's argument, regarding occupying the property, fails as this was not raised in UMMC's Answer, and is prohibited by the Agreed Order.

35. UMMC also argues that it was impossible for it to perform under the APA (*i.e.* pay the lease payments) because of the Landlord failed to provide consent to the assignment of the Leases. This argument also fails.

36. The APA does not provide that that UMMC shall only pay the Debtor's liabilities if they are assigned by the Landlord to UMMC. UMMC was required to pay all of the Debtor's liabilities after the closing date with no conditions. Here, UMMC obtained the Debtor's medical practice in exchange for relieving the Debtor of all of its liabilities under the leases. As evidenced by UMMC's own admission, UMMC asserts in its affirmative defense of "Mistake" that it never intended to occupy the leased space.

37. Furthermore, the APA merely required UMMC to use its reasonable best efforts to have the leases assigned and the evidence unequivocally shows that UMMC made zero efforts to have the Leases assigned to them by the Landlord.

38. Finally, the affirmative defense of Impossibility of Performance generally applies in three instances: 1) the death or incapacity of a person necessary for performance, 2) the destruction or deterioration of a thing necessary for performance; and 3) prevention by governmental regulation. *Tractebel Energy Mktg., Inc. v. E.I. Du Pont de Nemours & Co.,* 118 S.W.3d 60, 64 n. 6 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

39. Here, UMMC did not allege in its Answer or in its MSJ that it was impossible for it to perform under the APA due to death, destruction or governmental regulation.

**TRUSTEE'S RESPONSE TO SECTION D – TRUSTEE'S DAMAGES ARE LIMITED TO 30%**

40. In Paragraphs 5, 62, and 73 of the Amended Response, UMMC asserts that it is pleading in the alternative. UMMC states, "Alternatively, the Trustee only owns 30% of the Trustee's claims against UMMC" and should therefore be limited to a 30% recovery.

41. UMMC argues that the Trustee does not have standing to bring 100% of the claim against UMMC based on the Sale Order entered by this Court.

42. UMMC's argument fails for two reasons.

43. First, the Agreed Order prohibits UMMC for arguing the new affirmative defense of standing as it was not included in its Answer.

44. Second, this Standing Argument also fails as the agreement that was entered into between the Trustee and the Landlord (and was the basis of the Sale Order) was entered into by the parties in an effort to maximize the recovery to the estate. The Trustee and the Landlord entered into the agreement in order to combine efforts and prosecute both the estate's claims and the Landlord's claims against UMMC.

45. The Motion to Sell was approved and it provided that the estate would provide the landlord with 70% of any *recovery* the estate may receive in prosecuting the Estate's Claim. So there was no confusion, the Trustee included an example in the Sale Agreement and Motion to Sell which states that if the Trustee **should receive** $1 million for prosecuting the entirety of the Estate's Claims then the Landlord would be entitled to receive $700,000.00, should the Trustee prevail.[10]

---

[10] Exhibit I (Motion to Sell); Exhibit J (Sale Order, including Sale Agreement, and CMECF Notice of both)

46. The Sale Agreement specifically provides that should the Trustee not recover anything from UMMC then the Landlord shall be entitled $0.00.

47. In summary, both parties agreed to seek full recovery of their own claim and subsequently divide the proceeds should they prevail.

48. The Order approving the Motion to Sell was entered prior to the date that UMMC filed its Answer and UMMC received a copy of the Court's Order and had notice of both the Motion to Sell and the Order Approving Sale.

49. Furthermore, in the Adversary, the Trustee clearly laid out that she seeks to recover the total amount of the claim.

50. Finally and most importantly, either the Trustee or the Landlord is entitled to bring the entire breach of contract claim against UMMC. The issue of distribution on any potential proceeds has absolutely nothing to do with whether UMMC breached the APA and is therefore liable.

51. In summary, UMMC's standing arguments fails both as a matter of law and because it violates the Agreed Order.

**SUMMARY**

52. Based upon this Court's Agreed Order, UMMC was left to argue three affirmative defenses:
    i. First Affirmative Defense: Mistake;
    ii. Second Affirmative Defense: Impossibility of Performance related to failure to have leases assigned; and
    iii. Third Affirmative Defense: Trustee's Failure to Mitigate Damages.

53. In its Amended Response, UMMC failed to mention the First and Third Affirmative Defenses of Mistake and the Trustee's Failure to Mitigate Damages.

54. The only affirmative defense that UMMC was allowed to argue was the affirmative defense of Impossibility, and failed to provide this Court with a basis to grant summary judgment.

55. In summary, the Trustee requests that this Court deny UMMC's Amended Response because the Amended Response a) violated the Court's Order to Amend; b) violated the Agreed Order; c) flies in the face of this Court's order denying UMMC's motion to amend its Answer; and d) failed to properly plead and attach sufficient evidence to support its only affirmative defense that remained and was actually argued in response to the Trustee's MSJ.

Dated: April 16, 2023

Respectfully submitted,

By: */s/ Miriam Goott*
    Miriam Goott
    attorney-in-charge
    SBN 24048846
    **COUNSEL FOR THE TRUSTEE**

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 957-3358 (fax)
mgoott@walkerandpatterson.com